UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| PATRICK and BARBARA FAVORS, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CITIMORTGAGE, INC )<br>)<br>Defendant. ) | No. 1:11-CV-204<br><br>Chief Judge Curtis L. Collier |

# **M E M O R A N D U M**

Before the Court is Defendant CitiMortgage, Inc. ("Defendant")'s motion to dismiss the complaint filed by Plaintiffs Patrick and Barbara Favors ("Plaintiffs") (Court File No. 8). Although not formally styled a response, Plaintiffs timely filed a "a memorandum of law in support of Plaintiffs' original complaint and motions" that partially responds to Defendant's motion (Court File No. 11). Defendant did not reply to Plaintiffs' memorandum of law. Because Plaintiffs have not pleaded circumstances alleging fraud with the required particularity under Federal Rule of Civil Procedure 9(b), and thus have not stated a claim upon which relief can be granted, the Court will **GRANT** Defendant's motion (Court File No. 8), and **DISMISS** Plaintiffs' complaint.[1]

**I.    BACKGROUND**

The facts available to the Court are sparse. On July 6, 2011, Plaintiffs commenced this action against Defendant in the Chancery Court for Hamilton County, Tennessee. Plaintiffs filed

---

[1] The Court will also **DENY** Plaintiffs' motion to continue (Court File No. 10). In that motion–filed September 2, 2011–Plaintiffs requested a continuance so they could "arrange adequate legal council [sic]." More than a month has elapsed, and Plaintiffs have made no indication to the Court they have in fact attempted to secure legal representation.

their complaint *pro se*. In its entirety, the complaint reads exactly as follows:

> City Mortgage defrauded the Plaintiff By leading the Plaintiff to believe that CITI Mortgage had granted him a loan remodification on his residence in order to extract money from the Plaintiff. 'When in fact Citi Mortgage never intended to give the Plaintiff a loan remodification. On three specific occasions CITI Mortgage directly told the Plaintiff that they had given him a loan remodification. Which turned out to be Fraudenty Statements so that Citi Mortgage could confiscate the Plaintiffs home. Now the Plaintiff seeks relief under this complaint and levies a Lien of Lispendens against said property located at 2861 Old Britain Circle located in Chattanooga, TN county of Hamilton (Court File No. 1, Complaint).

As noted in the body of the complaint, Plaintiffs obtained a *lis pendens* lien upon the property in question. Plaintiffs also sought money damages of $310,000 and the return of their property.

Although not specifically alleged in the complaint, the Civil Cover sheet describes the case as a "foreclosure dispute" (Court File No., ex 3). An affidavit attached to Defendant's notice of removal indicates that in May 2008, Plaintiffs executed and recorded a deed of trust in favor of Mortgage Electronic Registration Systems, Inc. "as a separate corporation acting solely as nominee for CitiMortgage, Inc. and CitiMortgage, Inc.'s successors and assigns to secure the payment of a deed of trust note" (Court File No. 1, ex. B, p. 3). The affidavit further identified CitiMortgage, Inc. as the "holder of or agent for the holder of the indebtedness secured by said deed of trust" (*id.*). Finally, a trustee's deed recorded on July 18, 2011 states that because Plaintiffs had defaulted on their indebtedness obligation, Citimortgage had requested the Successor Trustee "to, upon proper advertisement and notice,[2] sell said property" (*id.* at 1). That deed also indicates CitiMortgage Inc. had purchased the property in question at a public foreclosure held on July 11, 2011 "for the sum

---

[2] A notarized statement from the publisher of the *Hamilton County Herald* indicates publication of a legal advertisement in this matter appeared on June 10, 2011, June 17, 2011, and June 24, 2011 (*id.* at 7).

of $242,461.42, that being the highest and best bid offered" (*id.*).

On August 10, 2011, Defendant removed the case to this Court under 28 U.S.C. §§ 1332, 1441, and 1446. Two weeks later, Defendant filed a motion to dismiss Plaintiffs' complaint for failure to plead fraud with particularity under Fed. R. Civ. P. 9(b) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

## II. STANDARD OF REVIEW

### A. Pleading Standard for Fraud

In a federal court fraud or mistake action, "a party must state with particularity the circumstances constituting a fraud or mistake." Fed. R. Civ. P. 9(b). Specifically, "the plaintiff must, at a minimum, allege the time, place and content of the misrepresentations; the defendant's fraudulent intent; the fraudulent scheme; and the injury resulting from the fraud." *Power & Tel. Supply Co., Inc. v. SunTrust Bank, Inc.*, 447 F.3d 923, 931 (6th Cir. 2006). Additionally, the plaintiff's complaint must explain why the defendant's statements were fraudulent. *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008).

### B. Failure to State a Claim

A Rule 12(b)(6) motion should be granted when it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998). For purposes of this determination, the Court construes the complaint in the light most favorable to the Plaintiff and assumes the veracity of all well-pleaded factual allegations in the complaint. *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). The same deference does not extend to bare assertions of legal conclusions, however,

3

and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Court next considers whether the factual allegations, if true, would support a claim entitling the Plaintiff to relief. *Thurman*, 484 F.3d at 859. Although a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting Fed. R. Civ. P. 8(a)(2)), this statement must nevertheless contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III. ANALYSIS

Defendant offers two arguments in support of its motion to dismiss. First, Defendant contends Plaintiffs' complaint fails to satisfy Rule 9(b)'s pleading standards for an allegation of fraud. Second, Defendant asserts Plaintiffs' complaint should be dismissed under Rule 12(b)(6) for failure to state a claim. Plaintiffs respond they have "shown that it is possible for them to prove a set of facts in court . . . that proves Plaintiff has title to the relief requested" and further they "possess a provable set of facts sufficient for trial in court to prove the existence of a fiduciary relationship between the Plaintiff and the Defendant"[3] (Court File No. 11, p. 2). Plaintiffs do not

---

[3] Plaintiffs make no breach of fiduciary claim in their complaint. To the extent this response can be seen to make such a claim, it is foreclosed by Tennessee law, under which the typical relationship between debtor and creditor does not impose fiduciary duties on the creditor. *See* Tenn. Code Ann. § 45-1-127(a); *Glazer v. First Am. Bank*, 930 S.W.2d 546, 550 (Tenn. 1996).

4

specifically respond to Defendant's first argument. The Court will address each of Defendant's arguments in turn.[4]

**A. Pleading Fraud**

In order to establish a claim for fraud or intentional misrepresentation in Tennessee, a plaintiff must show:

> 1) the defendant made a representation of an existing or past fact; 2) the representation was false when made; 3) the representation was in regard to a material fact; 4) the false representation was made either knowingly or without belief in its truth or recklessly; 5) plaintiff reasonably relied on the misrepresented material fact; and 6) plaintiff suffered damage as a result of the misrepresentation.

*Walker v. Pontiac-GMC Truck, Inc.*, 249 S.W.3d 301, 311 (Tenn. 2008) (citation omitted). To succeed on a fraud claim in federal court, a plaintiff must plead these elements with sufficient particularity. *Frank*, 547 F.3d at 570.

Here, Plaintiffs have not pleaded their fraud claim with the particularity required under Rule 9(b). Although Plaintiffs loosely suggest a fraudulent scheme–namely, that Defendant misrepresented its intention to provide a loan remodification in order "to extract money" from Plaintiff–they do not provide enough facts to support this allegation. Plaintiffs' reference to "three specific occasions" falls well short of Rule 9(b)'s requirement to "allege the time, place and content of the misrepresentations." *Power & Tel. Supply Co.*, 447 F.3d at 931. Plaintiffs provide no description of when these occasions occurred, how they occurred, in what way Defendant communicated the alleged intention to grant Plaintiffs a loan remodification, or even why Defendant

---

[4] As an initial matter, Plaintiffs do not explicitly state what cause or causes of action they are invoking. Their five-sentence complaint does not identify any statutory, constitutional, or common-law basis for their allegation Defendant defrauded them. In responding to Defendant's motion to dismiss, however, Plaintiffs do not disavow Defendant's characterization of their claim as a common-law fraud claim. Accordingly, the Court will consider Plaintiffs' claim as such.

5

is a party in this matter at all.  Additionally, Plaintiffs fail to plead the damage they suffered as a result of Defendant's alleged fraudulent conduct.  Plaintiffs' vague accusations Defendant acted "in order to extract money" and so it "could confiscate [Plaintiffs'] home" also fail to satisfy Rule 9(b)'s pleading standard.[5]  Accordingly, Plaintiffs have not met the particularity requirement to establish a fraud claim in federal court.

### B. Failure to State a Claim

Because Plaintiffs have only advanced a fraud claim, and have failed to plead that claim with the particularity required in federal court, their complaint must be dismissed for failure to state a claim.  To survive a motion to dismiss, a plaintiff must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombley*, 550 U.S. at 556).  Under Rule 9(b), the factual content a plaintiff must plead include: "(1) specify[ing] the statements that the plaintiff contends were fraudulent, (2) identify[ing] the speaker, (3) stat[ing] where and when the statements were made, and (4) explain[ing] why the statements were fraudulent." *Frank*, 547 F.3d at 570 (citation omitted).  As already discussed, Plaintiffs have failed to meet this pleading standard.  Accordingly, the Plaintiffs' complaint must be dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6).

## IV. CONCLUSION

For the reasons discussed above, the Court will **GRANT** Defendant's motion to dismiss

---

[5] The Court's searching review of the brief record indicates Plaintiffs' claim of harm rests on their having lost their residence at a foreclosure sale.  Plaintiffs, however, fail to allege this or to allege the foreclosure was the result of Defendant's alleged fraudulent conduct.

6

Plaintiffs' complaint (Court File No. 8), and **DENY** Plaintiffs' motion to continue (Court File No. 10). There being no other issues in this case, the Court will **DIRECT** the Clerk of Court to **CLOSE** this case.

      An Order shall enter.

      **/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**